IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILBANKS SECURITIES, INC., an Oklahoma Corporation, AARON B. WILBANKS, an individual, RANDALL L. WILBANKS, an individual, STEVEN S. SHARPE, an individual, and WILLIAM R. FREEMAN, an Individual, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-16-294-R |
| SCOTTSDALE INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. No. 27) filed by Defendants Nationwide Insurance Company and Scottsdale Insurance Company. Plaintiffs responded by conceding that dismissal of Nationwide Insurance Company is appropriate, without prejudice, but arguing that their claims against Defendant Scottsdale should be permitted to proceed. The parties filed replies and sur-replies in support of their respective positions. Having considered the parties' briefs, the Court finds as follows.

Plaintiffs filed this action seeking a declaratory judgment with regard to the issue of Defendant's duty to defend Plaintiffs in an underlying FINRA arbitration. They further allege breach of contract and bad faith with regard to the errors and omissions policy issued

by Defendant Scottsdale. Plaintiffs contends Defendant owes a duty to defend and indemnify Plaintiffs under a Financial Services Professional Liability Insurance Policy, No. BFS0002154-OK-03-00 issued by Scottsdale with regard to an ongoing arbitration pursued against Plaintiffs by Kent and Shawna Powell. Defendant contends Plaintiffs are not entitled to declaratory relief and further that their claim for breach of contract fails at this juncture because Plaintiffs cannot satisfy a condition precedent of the Policy. In support of its Motion to Dismiss Defendant relies upon Condition C of the Policy, which states:

> Suits Against Us. No suit or other action may be brought against us unless, as a condition precedent thereto, there has been full compliance with all the terms and conditions of this policy and the obligation of the insured to pay "damages" has been finally determined either by judgment against the insured after actual trial or arbitration or by written agreement signed by the insured, the claimant and us. Anyone who has obtained such a judgment or written agreement will be entitled to recover under this policy to the extent of the insurance then available to the insured under this policy. No one has the right to make us a party to a suit to determine the liability of an insured; nor shall we be impleaded by an insured or his/her/its legal representative(s).

Defendant contends that because the underlying arbitration is ongoing, that the above-quoted "no action" clause precludes this litigation from proceedings. In support of its position Defendant relies on *Seaborn v. Preferred Acc. Ins. Co. of N.Y.*, 246 P.2d 365 (Okla. 1952). Therein the court evaluated identical policy language and concluded the policy did not violate Oklahoma statute or sections 8 and 9 of Article 23 of the Oklahoma Constitution.

In *Seaborn*, the insured owned and operated a produce and feed store as well as an appliance store in Chandler, Oklahoma. During the relevant policy period his wife fell

while visiting the store. He sent her to the hospital, ensured she received treatment, and paid for the same. As a result, plaintiff, the insured, sought reimbursement from the insurer under the policy. The court framed the relevant issues as including "first, does the policy indemnify against liability or loss; second, can the name assured sue and recover against the insurance company prior to a determination of the liability by judgment or by written agreement by the third party." *Id.* at 626. The Oklahoma Supreme Court concluded in *Seaborn*, that because the liability of the insurer was dependent on the liability of the insured, and the liability of the insured had to be determined in accordance with the "no action" clause, that the insured could not recover under the policy. The court further held that the "no action" clause did not violate certain provisions of the Oklahoma Constitution or Oklahoma statutes because "the No-action provision in the insurance policy does not restrict the method or time limit in determining the liability of the named insured. It merely provided certain conditions precedent to enforcing the liability." *Id.*

Unlike the instant case, *Seaborn*, did not involve the issue of the duty to defend. That is, the insurance company in *Seaborn* was never asked to tender a defense to the underlying claim and thus was not placed in the position of having to evaluate the same. The same holds true in another case upon which Defendant relies, *Zahn v. General Life Ins. Co.,* 611 P.2d 645 (Okla. 1980). Therein the insurance company originally provided a defense when a property buyer sued the developer, the insured, following flood damage to the home purchased from the developer. After two years of litigation the counsel provided by the insurance company withdrew and General tendered the defense to Hartford, the other insurer, which assigned counsel to defend the case. A trial was initiated, but when

the insureds' counsel became ill, a mistrial was declared. Thereafter Hartford informed the insured it was denying coverage, although it would continue with its defense. General refused defense or coverage. The insured arranged for counsel, believing the insurers had created a conflict of interest and thereafter settled the action with the homebuyers for $50,000, which was set forth in an agreed judgment. The insured and the homeowners then filed suit against the insurers, asserting breach of contract and the developer argued that having tendered defenses at various times both insurers were estopped from arguing that insurance coverage did not exist. The insured also sought punitive damages for bad faith. *Id*. at 647. The court concluded the no-action provision had been waived by the insurance companies when they disclaimed all liability days before trial. Accordingly, because *Zahn* is premised on both a direct action by a third party and because the insurance companies originally tendered a defense, like *Seaborn*, it is not directly applicable to the case at hand, where Defendant Scottsdale has refused to defend since the outset.

Rather, this case most closely resembles the Tenth Circuit decision in *Paul Holt Drilling, Inc. v. Liberty Mutual Ins. Co.*, 664 F.2d 252 (10th Cir. 1981), applying Oklahoma law, wherein the court concluded that a claim for breach of contract premised on breach of the duty to defend accrues at the time the defense is denied by the insurer and continues until the underlying litigation is resolved. The insured alleged the breach of the duty to defend by Liberty Mutual. "The single issue on appeal is when the statute of limitations begins to run on such a breach." *Id.* at 253. The underlying litigation was instituted in 1971 by a third party. In March 1972, Liberty Mutual denied coverage for any liability Paul Holt Drilling might incur and refused to tender a defense to the insureds. In 1977, while the

4

underlying litigation was winding down, the insureds filed suit against Liberty Mutual alleging breach of contract for failure to defend. The question was whether the cause of action accrued when Liberty Mutual notified the insured that coverage was denied or when the underlying litigation was terminated.

The insureds argued their claim was timely based on the no action clause in the Liberty Mutual policy, which is similar to the provision at issue herein. Liberty Mutual argued that the clause applied only to third parties attempting to make claims. The court concluded:

> A few courts have relied upon a no action clause in a policy to hold that the statute of limitations does not begin to run until the underlying litigation has concluded. However, most courts have held that the no action clause does not apply to a suit the insured brings for breach of the insurer's obligation to defend. The Oklahoma courts have not treated the issue, so we must determine how the Oklahoma Supreme Court could decide the issue.
> We see an important difference between the claims by a third party alleging the insured is responsible for the third party's injuries and claims by the insured asserting the insurer is withholding benefits dues under the policy. The purposes of the no action clause are to prevent an injured party or an insured from bringing the insurance company into the underlying litigation with possible resultant prejudice. We think the Oklahoma court would hold the no action clause is intended to apply only to claims made by third parties.

*Id.* at 254 (internal citations omitted). Although Defendant argues the Tenth Circuit erred in *Paul Holt* by concluding the Oklahoma Supreme Court had not spoken on the issue, this Court finds both *Zahn* and *Seaborn* distinguishable from *Paul Holt*, for the reasons set forth above. Most fundamentally, in *Seaborn* there was never any underlying litigation that gave rise to the issue of whether the insurer had a duty to defend or indemnify. The clause is intended to prevent an insured from settling directly with the injured party without consent

of the insurer, and in *Seaborn*, the clause served that very purpose. In *Zahn* the court's discussion regarding the waiver of the provision, in light of the factual distinction, that is the delay in informing the insured of a decision of no coverage, makes it difficult to apply *Zahn* to cases such as this, where the defense is denied from the outset.

Furthermore, as argued by Plaintiffs, the Policy, Investigation, Settlement and Defense Endorsement Policy includes the following provision:

> We have the right and duty to defend, as part of and subject to the applicable Limit(s) of Liability hereunder, any "suit" brought against the insured because of a "wrongful act" to which this policy applies and which seeks "damages" which are payable under the terms of this policy, even if any of the allegations in the "suit" are groundless, false or fraudulent. We will choose the lawyer to defend any such "suit. If an arbitration proceedings is brought with respect to a "suit", we will be entitled to exercise all the insured's rights in the choice of arbitrators and the conduct of the proceedings. Subject to the applicable Limit(s) of Liability, we will pay all "defense costs" which are in excess of the application "retention".

Accordingly, to give effect to the no action clause would eliminate in its entirety any obligation by Defendant to fulfill its duty to defend until such time as the insured has failed to prevail in the underlying action. Although Defendant contends that the language of Condition C applies regardless of whether the insured or the underlying Plaintiff prevails, the second half of Condition C provides that "Anyone who has obtained such a judgment or written agreement will be entitled to recover under this policy to the extent of the insurance then available to the insured under this policy. No one has the right to make us a party to a suit to determine the liability of an insured; nor shall we be impleaded by an insured or his/her/its legal representative(s).

6

>The Tenth Circuit's approach to this issue is not unique.
>
>>Several courts have held that no action clauses do not bar an insured's claims for declaratory relief against the insurer, at least where coverage is denied by the insurer. *See e.g. Eureka Fed. Sav. And Loan Ass'n v. Amer. Cas. Co. of Reading*, 873 F.2d 229, 233 (9th Cir. 1989)("[C]ourts have [held] that no action clauses do not apply to bar declaratory actions that adjudicate issues of coverage and defense.")' *Owens-Corning Fiberglas Corp. v. Allstate Ins. Co.*, 74 Ohio Misc.2d 159, 660 N.E. 2d 755, 760-62 (Ohio C.P. 1993)([T]he 'no-action' clauses at issue do not bar declaratory actions filed by insureds concerning issues of coverage.") *W&J Rives, Inc. v. Kemper Ins. Group d/b/a Lumbermens Mut. Cas. Co.*, 92 N.C.App. 313, 374 S.E.2d 430, 434-35(N.C.C.t.App. 1988); *cf. Haxton v. CAN Fin. Corp.*, Nos. 89-6072, 89-6116, 1990 WL 169650, at *1 (6th Cir. Nov. 2, 1990)(stating that no action clause barred claim for declaratory relief, but distinguishing cases where declaratory relief was allowed because the insurer denied coverage or refused to defend); *but see Batsakis v. Fed. Dep. Ins. Corp.*, 670 F.Supp. 749, 759-60 (W.D.Mich. 1987)(stating that no action clause barred both claims for declaratory and for monetary relief).

*Sonic Automotive, Inc. v. Chrysler Insurance Co.*, 2011 WL 4063020 (S.D. Ohio. Sept. 13, 2011); *see also Mid-Continent Casualty Co. v. Advantage Medical Electronics, Inc.*, 196 So.3d 238, 250 (Ala. 2015) (affirming trial court decision that no action clause did not bar declaratory judgment action).

The Court interprets this contract as a matter of law and construing the unambiguous terms in their plain and ordinary sense, the Court finds that construing this contract as a whole requires denial of the motion to dismiss. Although the Court disagrees with Plaintiffs' contention that the policy is ambiguous or in violation of Oklahoma law, this conclusion does not mandate dismissal, because the no action clause is inapplicable in this case. This Court is bound to follow the conclusion in *Paul Holt*, which provides that the cause of action regarding Defendant's duty to defend accrued at the time Defendant refused to provide Plaintiffs with a defense to the arbitration. The insured's cause of action arises

7

as soon as they must incur the expenses of defense as a consequence of an insurer's refusal [to defend]." *Paul Holt*, 664 F.3d at 255. Furthermore, "[i]f the no action clause applies to the insureds' claims, when would it no longer bar suit to recover for legal expenses [the insureds] bear when the insurer wrongfully refuses to defend? Unless insureds refuse to pay their attorney, no judgment for those fees will ever be entered against them." *Id.* at 254-55.[1] As such, the Court cannot conclude that the no action provision is a condition precedent with regard to the claim of the insured. Rather, as concluded by the court in *Paul Holt*, it is a provision that applies to the claims of third parties, not the insured, where, as here, the issue is the duty to defend. Furthermore, the clause is clearly directed at claims seeking recovery of settlements or judgments and not declaratory judgment regarding the duty to defend.

For the reasons set forth herein, Defendant's Motion to Dismiss is hereby granted with regard to Defendant Nationwide, which is hereby dismissed without prejudice. The Motion as pursued by Defendant Scottsdale Insurance Company is hereby DENIED.

IT IS SO ORDERED this 19th day of October, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant contends that condition C would permit the insured to seek to recoup defense costs in the event it prevails against the underlying arbitration claimants. However, the language of the clause specifically provides that "[a]nyone who has obtained such a judgment or written agreement" may which the Court interprets as referring back to "judgment **against** the insured after actual trial or arbitration."